TREADWELL (CARTER v.). See Case No. 2,480.

## Case No. 14,155.

### TREADWELL v. CLEAVELAND.

[3 McLean, 283.] [1]

Circuit Court, D. Michigan.    Oct. Term, 1843.

PRACTICE IN EQUITY—PROCESS—APPEARANCE—IRREGULAR DECREE—PLEADING—SPECIAL INTERROGATORIES—RULES.

1. The process on the defendant in chancery must be served twenty days before the defendant is bound to appear. And a rule for answer, where the process has not been so served, is irregular.

2. A decree pro confesso, for want of an answer, under such a rule, is also irregular. And if a final decree be entered, in virtue of the above proceedings, the court, on motion, will set the whole aside.

3. Under the 40th rule, the defendant is not bound to answer, unless special interrogatories be put in the bill. Such a bill is clearly demurrable.

In equity.

Baker, Harris & Milliard, for complainants. Douglass & Walker, for defendants.

OPINION OF THE COURT. This is a motion to set aside the following proceedings for irregularity. The bill of complaint was filed the 11th of July, 1842. On the 1st Monday of September, a rule for answer was taken, and on the first Monday of October following, a decree pro confesso was entered, which, being referred to a master on the 21st of the same month, and the master's report being made on the same day, a final decree was entered by the court. These proceedings were wholly irregular, and must be set aside. By the 12th rule in chancery, on filing the bill, the clerk is required to issue the process of subpœna, returnable into the office on the next rule day, or the next but one, at the election of the plaintiff, "occurring twenty days from the issuing thereof," to the return. As the month of August came in on Monday, the subpœna was necessarily returnable on the first Monday of September. And the 17th rule declares that the appearance day of the defendant shall be the rule day to which the subpœna is made returnable, "provided he has been served with process twenty days before that day," otherwise his appearance day shall be the next rule day when the process is returnable.

[1] [Reported by Hon. John McLean, Circuit Justice.]

The process in this case has not been returned, but it could not have been served so as to make it returnable before the first Monday in October, and the defendant could have been under no default for want of an answer before the first Monday in November. But the decree pro confesso was entered, and also the final decree, in October. On this ground the proceedings must be set aside.

It may not be improper to remark, that independently of the above, the bill in its form is radically defective. By the 40th rule, it is declared, "that a defendant shall not be bound to answer any statement or charge in the bill, unless specially and particularly interrogated thereto." The above bill contains no such interrogatory. And it is very questionable whether the defendant can be in default for not answering a bill which, under the above rule, he is not bound to answer. The bill is clearly demurrable on this ground.